IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY H. ANDERSON,
BERNARDINO DE LA TORRE-GUERRERO,
YU TE, and SHERRY WILLMSCHIEN,                    No.  3:20-cv-00555-YY

            Plaintiffs,                    ORDER

   v.

MULTNOMAH COUNTY,

            Defendant.

HERNÁNDEZ, District Judge:

Magistrate Judge Youlee Yim You issued a Findings and Recommendation on January 4, 2022, in which she recommends that this Court grant in part and deny in part Defendant's motion to dismiss. F&R, ECF 28. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

After several extensions, Plaintiffs filed timely objections to the Magistrate Judge's Findings and Recommendation. Pl. Obj., ECF No. 38. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

1 - ORDER

The Court has carefully considered Plaintiffs' objections and concludes that there is no basis to modify the Findings & Recommendation. The Court has also reviewed the pertinent portions of the record *de novo* and finds no error in the Magistrate Judge's Findings & Recommendation. Although the Court reviewed all of Plaintiffs' objections, only one is worth discussing: Plaintiffs' objection that, if the Court concludes subject matter jurisdiction is lacking over Plaintiffs' state law claims because they are moot, then those claims must be remanded. Obj. 1. Mot. to Dismiss 16–22; *see also* Obj. 3–5.

First, some background. This case has traveled a circuitous path to federal court. Plaintiffs filed their first complaint in state court in August 2018, nearly four years ago. FAC ¶ 16. From then until this case was removed in April 2020, the parties dueled: Plaintiffs kept amending their complaint and Defendant kept moving to dismiss. *See, e.g.*, ECF 1, Exhibit 1 (state court docket). Back and forth the parties went, arguing about the same issues that we are still discussing today: mootness, standing, and the like. But they did make progress. Indeed, in early March 2020, the parties had progressed all the way to a trial readiness hearing before the state court judge. ECF 1, Exhibit 1. During that hearing, the state court judge apparently "retroactively enlarged the period of time in which Plaintiffs were allowed to file their amended complaint." ECF 1 (notice of removal). But that hearing must have left Defendant unsatisfied because just a month later, in April 2020, it removed this case to federal court, arguing (wrongly) that removal was timely under 28 U.S.C. § 1446(b)(3) because of the state court's decision to allow amendment.

Although removal was plainly untimely, Plaintiffs did not seek remand within the time § 1447(c) permits for challenging procedural defects. In fact, Plaintiffs have never formally moved for remand—the closest they came was mentioning the untimeliness to the magistrate judge

during an oral argument on a previous motion to dismiss. ECF 13 (oral argument on Defendant's first motion to dismiss). And even if Plaintiffs were to move for remand now, the Court's hands are tied: the Ninth Circuit forbids remanding removed cases for procedural defects unless they are timely challenged, with no exceptions. *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029 (9th Cir. 2017) ("[E]ven if a defendant fails to satisfy the time requirements of § 1446(b), the district court may not remand on that basis unless the plaintiff files a timely motion to remand."); *see also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (holding "the district court cannot remand *sua sponte* for defects in removal procedure"). Presently, the only reason for which this case could be remanded is a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant moved to dismiss, arguing (1) that Plaintiffs failed to state a claim under the First or Fourteenth Amendment and (2) that the court lacks subject matter jurisdiction over Plaintiffs' state law claims for declaratory and injunctive relief because those claims are moot.[1] Judge You recommended granting in part and denying in part: in short, several First Amendment retaliation claims survive but all state law claims must be dismissed as moot. Plaintiffs object that they should be remanded instead.

When a case has been removed from state court, "if at any time . . . it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." 28 U.S.C. § 1447(c). Here, the Court has subject matter jurisdiction over Plaintiffs' First and Fourteenth Amendment claims under 28 U.S.C. § 1331 and Plaintiffs' attendant state law claims under § 1367.

---

[1]Defendant's Motion to Dismiss mentions remand in passing as an alternative to dismissal. Mot. to Dismiss 2 ("[Defendant] also moves this Court to dismiss Plaintiffs' remaining state-law claims or, in the alternative, remand pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.").

Remanding the case, as § 1447(c) contemplates, is not warranted because the Court retains

jurisdiction over Plaintiffs' federal claims even if Plaintiffs' state law claims are moot. But even

though remand is not required under § 1447(c), the question remains as to whether those moot

state law claims should be dismissed or severed and remanded to back to state court. *See*

*DeMartini v. DeMartini*, 964 F.3d 813, 817 (9th Cir. 2020) (district court severed the state law

"claim from the rest of the case . . . [and] remanded only that claim for resolution in state

court."). Ordinarily, the decision whether to dismiss or remand a moot claim would be

meaningless. If the claim is moot here, it's moot there. Remand would just needlessly delay

dismissal.

Alas, Plaintiffs argued, the Magistrate Judge accepted, and even Defendant seemingly

conceded, "[t]he Oregon court system functions under very different rules for standing,

mootness, and other elements of jurisdiction." F&R 14. Specifically, Oregon law grants Oregon

courts the authority to "decide an otherwise moot proceeding" when they involve "public

actions" or issues of "public interest." *Couey v. Atkins*, 357 Or. 460, 521, 355 P.3d 866, 901

(2015). Making the matter even more interesting is the fact that the state court judge already

concluded that Plaintiffs' state law claims are *not* moot before this case was removed. Pls. Obj.

4; *see also* Meek Decl. Ex. 1. Acknowledging that these are unusual circumstances, the Court

still sees no reason to depart from the Magistrate Judge's recommendation that the state law

claims be dismissed. Plaintiffs have not argued that remand is necessary to avoid statute of

limitations problems or other obstacles that would prevent Plaintiffs from refiling their

potentially-not-moot-under-Oregon-law claims in Oregon state court. And, unsurprisingly, the

Court has been unable to find any authority requiring remand rather than dismissal in these

circumstances. Therefore, the Court agrees with the Judge You's well-reasoned recommendation

4 - ORDER

that Plaintiffs' state law claims be dismissed. Defendant has shown they are moot under Article

III, and Plaintiffs failed to show that they are capable of repetition yet evading review. *Native*

*Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1209 (9th Cir. 2021) ("Unlike the initial

mootness question, where the *defendants* have the burden . . . [u]nder the 'capable of repetition'

. . . exception to the mootness doctrine, the *plaintiffs* have the burden of showing that there is a

reasonable expectation that they will once again be subjected to the challenged activity.").

## CONCLUSION

The Court ADOPTS Magistrate Judge You's Findings and Recommendation, ECF No.

28. Therefore, Defendant's motion to dismiss, ECF 18, is GRANTED in part and DENIED in

part. Defendant's motion to dismiss based on lack of subject matter jurisdiction (mootness) is

GRANTED, and the motion to dismiss based on failure to state a claim is DENIED as to the

First Amendment retaliation claim asserted by plaintiff Anderson and plaintiff Te, (2)

GRANTED as to the First Amendment retaliation claim asserted by plaintiff De La Torre-

Guerrero and plaintiff Willmschen, (3) GRANTED as to the free speech and due process claims

for damages asserted under the Oregon Constitution, and (4) GRANTED as to the due process

claims asserted by all plaintiffs under the U.S. Constitution.

IT IS SO ORDERED.


DATED: _____ July 6, 2022 \_\_\_\_\_.



MARCO A. HERNÁNDEZ
United States District Judge

5 - ORDER